UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALEXEI FINSKI,                                                                  Plaintiff,

v.                                                           Civil Action No. 3:25-cv-18-DJH

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,                                                              Defendant.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Alexei Finski, proceeding pro se, sued the President and Fellows of Harvard College, alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act (RICO).  (Docket No. 1)  Harvard moves to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.  (D.N. 9)  Finski opposes the motion.  (D.N. 10)  After careful consideration, the Court will grant the motion and dismiss the case for lack of personal jurisdiction for the reasons explained below.

**I.**

The following facts are set out in the complaint.  In 2014, Finski "made an invention with Dr. Gavin Macbeth at Harvard University" and entered into a contract with Harvard related to the invention through his company PIO Biosciences, Inc. (PIO).  (D.N. 1, PageID.8–9)  Around this time, Finski "also made a protected disclosure to the National Institutes of Health (NIH)."  (*Id.*, PageID.9)  Specifically, Finski claimed that "Harvard did not report a significant financial conflict of interest to NIH."  (*Id.*, PageID.10)  Finski alleges that "Harvard improperly influence[d] and bribed federal officials" such that "exposure of Harvard's fraud [would also] expose[] these federal officials."  (*Id.*)

1

By November 2024, Finski had moved to Kentucky.[1]  (*Id.*, PageID.12–13)  Finski claims that a targeted cyberattack is preventing him from preparing a civil RICO complaint against Harvard.  (*Id.*, PageID.12)  "On November 11, 2024, an unauthorized session was created in the Proton mail account" that Finski "used for evidence storage."  (*Id.*)  The following day, Finski went to ALDI to buy groceries.  (*Id.*, PageID.13)  While he was in the store, "[t]he cashier called a store staff member named 'Snowden.'"  (*Id.*)  Finski ordered and cancelled three Ubers, attempting to leave the store, with his Uber application repeatedly freezing.  (*Id.*)  The first and third time Finski ordered a car, a white car appeared, which Finski declined to take.  (*Id.*)  Finski then "walked to a nearby bus stop," where he saw what "appeared to be the same car" that had appeared for his Uber rides, "and another white car next to it [with] a 'U.S. Government' plate."  (*Id.*, PageID.14)

On November 23, 2024, Finski "observed that text that [he] typed on [his] first laptop computer was manipulated in real time."  (*Id.*)  On December 5, 2024, Finski "observed that [his] second laptop computer that was powered off, started by itself without any user interaction."  (*Id.*)

Finski alleges that "the acts and statements during and after [his] visit to the ALDI store . . . were made by intelligence operatives in the federal government, in association-in-fact with the improperly influenced and bribed federal officials, Harvard, and additional defendants" to be named later, to prevent him from filing a Civil RICO complaint.  (*Id.*, PageID.15)  Harvard moves to dismiss Finski's complaint for lack of personal jurisdiction, improper venue, and failure to state a claim.  (D.N. 9)  Finski responds to the motion but does not clearly address many of the issues raised by Harvard.  (D.N. 10)

---

[1] Exactly when Finski relocated to Kentucky is not clear from his complaint.  (*See* D.N. 1)  It appears that Finski was living in California until at least 2022.  (*Id.*, PageID.16; D.N. 10-22, PageID.167, 171–73)

## II.

When presented with a motion to dismiss based on multiple grounds, a court should first consider the defendant's jurisdictional arguments. *Cosmichrome, Inc. v. Specra Chrome, LLC*, 504 F. App'x 468, 471–72 (6th Cir. 2012). If the court does not have personal jurisdiction over the defendant, it should not reach the merits and should dismiss the case without prejudice. *See id.* at 471 ("[H]aving found that it lacked personal jurisdiction over Defendants, the district court erred in proceeding any further by ruling that Plaintiffs' claims were time-barred."); *Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005) ("[U]pon a determination that personal jurisdiction is lacking, a court should not dismiss a case on the merits.").

Harvard moves to dismiss Finski's claims under Rule 12(b)(2) for lack of personal jurisdiction. (D.N. 9, PageID.36) The burden is on Finski to show that personal jurisdiction exists. *Legacy Hemp LLC v. Terramax Holdings Corp.*, No. 5:20-CV-00090 (TBR), 2021 WL 5816817, at *1 (W.D. Ky. Dec. 7, 2021) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). "[T]he plaintiff's burden is 'relatively slight,' and 'the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.'" *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548–49 (6th Cir. 2016) (citing *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). When personal jurisdiction is challenged, "a plaintiff may not rely on his pleadings to answer the movant's affidavits, 'but must set forth by affidavit or otherwise, specific facts showing that the court has jurisdiction.'" *Reid v. Tenant Tracker, Inc.*, 685 F. Supp. 3d 465, 472 (W.D. Ky. 2023) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "[C]onclusory statements or bare allegations alone are insufficient to establish personal jurisdiction." *Arnold v. CooperSurgical, Inc.*, 681 F. Supp.

3d 803, 814 (S.D. Ohio 2023) (quoting *Morrison v. Taurus Int'l Co.*, No. 3:11-cv-322, 2012 WL 5493962, at *1 (S.D. Ohio Nov. 13, 2012)).

The RICO statute does not convey jurisdiction over a defendant. *See Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 440 (6th Cir. 2022). Therefore, "another rule—such as Federal Rule of Civil Procedure 4(k)(1)(A) and the relevant state's long-arm statute—is required to establish personal jurisdiction." *Id.* The Kentucky long-arm statute provides for personal jurisdiction in any situation that would not violate federal due process. *Premier Packaging, LLC v. Sticky Fingers Sweets & Eats, Inc.*, No. 3:24-cv-427-RGJ, 2025 WL 359324, at *3 (W.D. Ky. Jan. 31, 2025) (citing Ky. Rev. Stat. § 454.210(2)). The Court must therefore determine whether exercising personal jurisdiction over Harvard in this case would be consistent with federal due process. *See id.*

## III.

Personal jurisdiction comes in two forms, general jurisdiction and specific jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

### A.   General Jurisdiction

Harvard argues that general jurisdiction does not exist over Harvard in Kentucky because "Harvard is not 'at home' in Kentucky" and its recruitment of students from the state is not sufficient to create general jurisdiction. (D.N. 9, PageID.38–40)  Finski does not directly respond to this argument.[2]  (*See* D.N. 10)

---

[2] By failing to adequately direct his response to Harvard's arguments, Finski may have waived the issue of personal jurisdiction. *See Reitz v. Ford Motor Co.*, No. 3:16-CV-765-CRS, 2019 WL 4675387, at *6 (W.D. Ky. Sep. 25, 2019) ("A non-moving party waives an argument by failing to address the argument in its response brief." (citing *Keys v. Dart Container Corp.*, No. 1:08-CV-

4

General jurisdiction exists "only when a defendant is 'essentially at home' in the state." *Ford Motor Co.*, 592 U.S. at 358 (quoting *Goodyear*, 564 U.S. at 919). A corporate defendant is "at home" in its "place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrell*, 581 U.S. 402, 413 (2017) (citations omitted). It is possible that in "an exceptional case a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

"Harvard is organized under the laws of Massachusetts, with its principal place of business in Massachusetts . . . . Therefore, Massachusetts, and not [Kentucky], is the correct forum in which Harvard is subject to general personal jurisdiction." *Bonavito v. President & Fellows of Harvard Coll.*, No. 20-14657 (MAS) (DEA), 2021 WL 2722578, at *3 (D.N.J. June 30, 2021) (citation omitted); *see also BNSF Ry.*, 581 U.S. at 413. In support of its motion, Harvard provides an affidavit attesting that it does not maintain a campus or engage in other extensive activity in Kentucky. (D.N. 9-1) Neither the complaint (D.N. 1) nor Finski's response to the motion to dismiss (D.N. 10) contains any facts suggesting that Harvard has a connection to Kentucky that might give rise to an "an exceptional case" justifying the exercise of general jurisdiction outside Massachusetts. *See Daimler*, 571 U.S. at 139 n.19. The Court thus lacks general jurisdiction over Harvard.

---

138-JHM, 2012 WL 2681461, at *7 (W.D. Ky. July 6, 2012))). Nevertheless, the Court will address the standard.

### B.    Specific Jurisdiction

Harvard argues that specific jurisdiction does not exist in this case because the locations of "most of the allegations set forth in the Complaint are outside Kentucky" (D.N. 9, PageID.41), and the allegations that do involve Kentucky do not show that Harvard "purpose[ful]ly availed itself of Kentucky jurisdiction." (*Id.*, PageID.42–43)  Finski does not directly respond to this argument. (*See* D.N. 10)

Specific jurisdiction exists when a defendant has sufficient "minimum contacts" with a forum such that it is "reasonable to require the [defendant] to defend the particular suit which is brought there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Wash.*, *Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316–17 (1940)). The Sixth Circuit applies a three-step test for specific jurisdiction, asking whether

> (1) Defendant[] purposefully availed [itself] of the privilege of acting, or causing a consequence, in [the forum state]; (2) [Plaintff]'s claims against Defendant[] arise from Defendant['s] activities in [the forum state]; and (3) Defendant['s] actions, or the consequences they caused, have a substantial enough connection with [the forum state] to make it reasonable for a court in [the forum state] to exercise jurisdiction.

*Carbone v. Kaal*, 140 F.4th 805, 810 (6th Cir. 2025) (citations omitted).  The "unilateral activity of another party or a third person" will not constitute the minimum contacts necessary for the exercise of specific jurisdiction.  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted)).

In this case, the only events alleged to have occurred in Kentucky are Finski's trip to ALDI and the alleged cyber-attacks on his devices.  (D.N. 1, PageID.12–15)  Finski does not allege that anyone at Harvard was present for these events but claims that they were carried out by "intelligence operatives in the federal government, in association-in-fact with . . . Harvard." (*Id.*, PageID.15)  Finski provides no factual allegations to support the existence of an association

6

between Harvard and these alleged intelligence operatives, however, much less evidence to support his claims.[3]  (*See* D.N. 1; D.N. 10)  Such "conclusory statements" and "bare allegations alone are insufficient to establish personal jurisdiction."  *Arnold*, 681 F. Supp. 3d at 814 (quoting *Morrison*, 2012 WL 5493962, at \*1).  Therefore, the Court will dismiss Finski's claims without prejudice for lack of personal jurisdiction.[4]

**IV.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Harvard's motion to dismiss for lack of personal jurisdiction (D.N. 9) is **GRANTED**.  This matter is **DISMISSED** without prejudice, **STRICKEN** from the Court's docket, and **CLOSED**.

March 5, 2026

**David J. Hale, Chief Judge**
**United States District Court**

---

[3] The sole reference to Kentucky in Finski's response is the final sentence, which states, "[t]he racketeering activity in Kentucky, including but not limited to the racketeering acts described in the Complaint, is continuation of the patterned commission of predicate acts benefiting Harvard" (D.N. 10, PageID.63), and the exhibits attached to Finski's response (D.N. 10-1; D.N. 10-2; D.N. 10-3; D.N. 10-4; D.N. 10-5; D.N. 10-6; D.N. 10-7; D.N. 10-8; D.N. 10-9; D.N. 10-10; D.N. 10-11; D.N. 10-12; D.N. 10-13; D.N. 10-14; D.N. 10-15; D.N. 10-16; D.N. 10-17; D.N. 10-18; D.N. 10-19; D.N. 10-20; D.N. 10-21; D.N. 10-22) do not suggest that Harvard engaged in conduct sufficiently related to Kentucky to establish jurisdiction.

[4] In light of this conclusion, the Court need not address Harvard's other asserted grounds for dismissal.